## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>WILLIAM J. BONNET,<br>                           Debtor. | **CHAPTER 11 BANKRUPTCY**<br><br>**CASE NO. 04 -70746**<br><br>**Hon. Manuel Barbosa** |

### NOTICE OF HEARING

**NOTICE IS HEREBY GIVEN** that a hearing in said cause will be held in Room 115, Federal Building, 211 South Court Street, Rockford, Illinois, on the **7th day of November, 2007 at 10:30 a.m.** or as soon thereafter as said cause may be heard, before His Honor, Judge Manuel Barbosa, or in his absence, before any other Judge that may be presiding in said Court Room, or before the emergency Judge for the Northern District, to consider and act upon one or more of the following matters: **MOTION FOR ENTRY OF FINAL DECREE *NUNC PRO TUNC*, a copy of which is attached hereto.**

At which time and place you may appear, if you so desire.

Dated:  October 17, 2007

                          **WILLIAM J. BONNET, DEBTOR**
                          **BY:  SCHIRGER, MONTELEONE & HAMPILOS, P.C.**

                          By:    */s/ George P. Hampilos*

George P. Hampilos – 6210622
**SCHIRGER, MONTELEONE & HAMPILOS, P.C.**
308 West State Street, Suite 210
Rockford, IL  61101
Telephone:  815/962-0044

## PROOF OF SERVICE

The undersigned, being first duly sworn, states that a copy of the foregoing **NOTICE** was served upon the persons listed below by ECF and/or first class mail, postage prepaid, on the 17th day of October, 2007 at or before the hour of 5:00 p.m.

See attached Service List

/s/ George P. Hampilos

**George P. Hampilos**
**SCHIRGER, MONTELEONE & HAMPILOS, P.C.**
308 West State Street, #210
Rockford, IL  61101
Telephone:  815/962-0044

1st Farm Credit Services
705 E. South Street, P.O. Box 719
Freeport, IL 61032-0719

Farm Credit Services
2950 N. Main Street
Suite 2
Princeton, IL 61356

Attorney James L. Wright
Militello, Zanck & Coen, P.C.
40 Brink Street
Crystal Lake, IL 60014

Dennis and Joyce Bonnet
2745 N. Sunnyside Road
Kent, IL 61044

Heartland Financial & Leasing L.L.C.
2316 Mineral Point Avenue
P.O. Box 1951
Janesville, WI 53547-1951

Thomasson Electric, Inc.
Attorney Stephen D. Schmelze
208 W. Stephenson St.
Freeport, IL 61032

Thomasson Electric, Inc.
P.O. Box 97
Lena, IL 61048

U.S. Trustee's Office
780 Regent Street, Suite 304
Madison, WI 53715

Lyle A Krug, Esq.
Plager, Krug & Bauer, Ltd.
PO Box 839
Freeport, II 61032

Dale G Haake, Esq.
Katz, Huntoon & Fieweger, P.C.
P O Box 3250
Rock Island, IL 61204

Theodore Liebovich, Esq.
415 South Mulford Road
P.O. Box 6066
Rockford, IL 61125-1066

Mr. William Bonnet
2745 N. Sunnyside Road
Kent, IL 61044

U.S. Small Business Administration
% Mary Cvengros
500 W. Madison St. Suite 1250
Chicago, IL 60661-2511

Jamie S. Cassel, Esq.
Reno Zahm Law Firm
2902 McFarland Road #400
Rockford, IL 61107

Attorney Joel R. Nathan
Assistant U.S. Attorney
219 S. Dearborn St. 5th Floor
Chicago, IL 60604

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

IN RE:

WILLIAM J. BONNET,

Debtor.

**CHAPTER 11 BANKRUPTCY**

**CASE NO. 04 -70746**

**Hon. Manuel Barbosa**

### MOTION FOR ENTRY OF FINAL DECREE *NUNC PRO TUNC*

NOW COMES the Debtor, WILLIAM J. BONNET, by and through his attorneys,

SCHIRGER, MONTELEONE & HAMPILOS, P.C., and moves this Court to enter a Final

Decree in his Chapter 11 Reorganization case pursuant to Bankruptcy Rule 3022, and that said

Order be *nunc pro tunc* to July 30, 2005, and in support thereof, states as follows:

1. The Debtor's Chapter 11 Plan was confirmed by Order entered on July 20, 2005. A

copy of said Order is attached hereto as Exhibit "A" and made a part hereof.

2. The Order incorporated the terms of the Plan of Reorganization which provides at

Article XII(C) that the confirmation Order shall be a final Order in each case. A copy of the Plan

of Reorganization is attached hereto as Exhibit "B" and made a part hereof.

3. The Order confirming the Plan became final on July 30, 2005.

4. The U.S. Trustee has disregarded the provision in the Plan providing for the Final

Decree, and seeks to have the quarterly Trustee's fees continue until such time as a notice and

motion for the entry of a final decree is heard and granted.

WHEREFORE, the Debtor, WILLIAM J. BONNET, respectfully requests this Court

enter an Order pursuant to Rule 3022 and Section 1101(2) of Final Decree *nunc pro tunc* to July

30, 2005.

Dated: October 9, 2007

WILLIAM J. BONNET, Debtor-in-Possession
By: Schirger, Monteleone & Hampilos, P.C.


By:___ /s/ George P. Hampilos_____


Prepared by:

George P. Hampilos, Esq.
Schirger, Monteleone & Hampilos, P.C.
308 West State Street #210
Rockford, Illinois 61101
Telephone: 815/962-0044
Facsimile: 815/962-6250

## UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>WILLIAM J. BONNET,<br><br>Debtor. | **CHAPTER 11 BANKRUPTCY**<br><br>CASE NO. 04 -70746<br><br>Hon. Manuel Barbosa |

### ORDER CONFIRMING PLAN OF REORGANIZATION

THIS MATTER having come before the Court on the Confirmation of the Plan of

Reorganization filed by the Debtor-in-Possession; all parties in interest having been given notice

and an opportunity to be heard, IT HAVING BEEN DETERMINED AFTER HEARING ON

NOTICE as follows:

1. The Plan of Reorganization filed by William J. Bonnet has been accepted and is

hereby approved.

2. The provisions of 11 U.S.C.§1129(a) of the U.S. Bankruptcy Code have been

complied with; that the Plan has been proposed in good faith and not by any means forbidden by

law.

3. Each holder of a claim or interest has accepted the Plan or will retain under the Plan

property of value, as of the effective date of the Plan, that is not less than the amount that such

holder would receive or retain if the Debtor were liquidated under Chapter 7 of the U.S.

Bankruptcy Code on such date; and the Plan does not discriminate unfairly and is fair and

equitable with respect to each class of claims or interest that is impaired under, and has not

accepted the Plan.

4. All payments promised by the Debtor or by any other person for services or for costs

and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable or, if to be fixed after confirmation of the Plan, will be subject to the approval of the Court.

5. The Debtor and Excel Dairy Systems, Inc. having entered into and filed with this Court a Stipulation of the treatment of the claim of Excel Dairy Systems, Inc. which the Debtor incorporates fully into his Plan of Reorganization by reference herein. In the event of a conflict between any terms contained in the Plan and any terms contained in the Stipulation, the terms of the Stipulation shall control and govern.

6. The Debtor and Farm Credit Services having entered into and filed with this Court a Stipulation of the treatment of the claim of Farm Credit Services which the Debtor incorporates fully into his Plan of Reorganization by reference herein. In the event of a conflict between any terms contained in the Plan and any terms contained in the Stipulation, the terms of the Stipulation shall control and govern.

7. The Debtor and the Small Business Administration agree to incorporate fully Exhibit "A," attached hereto, as a Stipulation of the treatment of the claim of the Small Business Administration. In the event of a conflict between any terms contained in the Plan and any terms contained in Exhibit A, the terms of Exhibit A shall control and govern.

8. Any objections of the Small Business Administration, Excel Dairy Systems, Inc., and Farm Credit Services are hereby withdrawn, and any ballots submitted by the Small Business Administration, Excel Dairy Systems, Inc. and Farm Credit Services shall be modified to read "Accepted" without need of re-submittal of ballots.

9. Confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor.

10. The Court retains jurisdiction to hear and allow any Petition for Final Compensation by Debtor's counsel.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Plan of Reorganization filed by William J. Bonnet, as modified in accordance with the Stipulation to Accept the Plan of Reorganization between the Debtor and Farm Credit Services, Excel Dairy Systems, and the Small Business Administration, a copy of Exhibit A attached hereto, is hereby confirmed.

DATED:_____ **JUL 2 0 2005** _____

ENTER:

_____
U.S. BANKRUPTCY JUDGE

Prepared by:

George P. Hampilos, Esq.
Schirger, Monteleone & Hampilos, P.C.
308 West State Street #210
Rockford, Illinois 61101
Telephone: 815/962-0044
Facsimile: 815/962-6250

U. S. Department of Justice

*United States Attorney*
*Northern District of Illinois*

| | | |
|---|---|---|
| *Joel R. Nathan*<br>*Assistant United States Attorney* | *Dirksen Federal Building*<br>*219 South Dearborn Street, Fifth Floor*<br>*Chicago, Illinois 60604* | *Direct Line: (312) 353-8440*<br>*Fax: (312) 886-0557*<br>*Fax: (312)353-2047* |

July 18, 2005

*Facsimile (815) 962-6250*

George P. Hampilos
Sohirger, Monteleone & Hampilos, P.C.
308 West State Street, Suite M-4
Rockford, Illinois 61101

Re: *In re William Bonnett,* 04 B 70746, USBC, ND IL, WD

Dear Mr. Hampilos,

On behalf of the United States Small Business Administration, we suggest the following modifications to the Debtor's Plan, dated August 31, 2004. If the modifications are incorporated, then the government will withdraw its objection and request leave of the Court change its vote.

1. Replace paragraph 1 of Article IV at page 4:

    ~~1. Vesting of Assets. On the Effective Date, all assets and property of the Debtor's bankruptcy estate shall vest in the Debtor free and clear of all liens, claims, encumbrances and interests, except as provided in the Plan.~~

with the paragraph dealing with the "Effect of Confirmation," that appears at the end of this letter.

2. Replace the following treatment of Class 3 of Article VI at page 6,

    ~~Class 3. Secured claim of Colson Services Corp., SBA. The Debtor will pay 100% of the allowed amount of this claim, which shall be amortized over thirty (30) years at 4.5% per annum, with monthly payments of $1,539. Debtor may prepay debt at any time without penalty and unaccrued interest charges.~~

with the following terms;

    Class 3: The treatment of the Claim of the United States Small Business Administration is impaired under the Plan.

    A. The Class 3 Claim of the Small Business Administration in the amount of $917,286.19, as of the date of the Petition Date, is an Allowed Claim. Further, as an Allowed Claim secured by property the value of which is greater than the amount of the Claim, the Small Business Administration is allowed interest and costs as provided for by the loan documents

EXHIBIT

A

that underlay the Claim. As of July 29, 2005, the Small Business Administration's Claim is entitled to a secured status of $977,165.19, with interest accruing on the unpaid balance at the rate of 6.524% per annum.

B. The Small Business Administration shall retain its mortgage lien and other interests in the Debtor's property held on the Petition Date and any property subsequently acquired by the Debtor's estate or the Debtor which, but for the bankruptcy, would be subject to the mortgage lien.

C. Except as otherwise provided by this Plan, the terms, conditions, and covenants provided for in the loan documents that are exhibited with the Small Business Administration's Claim, including but not limited to the note, made on May 3, 2001, by William J Bonnet and Lois E. Bonnet, as trustees, on behalf of the William J. Bonnet Trust No. 101, and in favor of the Small Business Growth Corporation, and the mortgage and assignment of leases and rents granted by William J Bonnet and Lois E. Bonnet, as trustees of the Trust the William J. Bonnet Trust No. 101, to the Small Business Growth Corporation, and recorded in the Recorder's Office of Stephenson County, Illinois on May 18, 2001 as documents no. 200100013586 and 200100013588 are incorporated herein.

D. The Debtor shall satisfy the Class 3 Allowed Secured Claim in cash by equal monthly installments. An initial installment of $6,191.78 shall be paid to the Small Business Administration on the earlier of July 30, 2005 or the Effective Date of the Plan, 358 like installment of $6,191.78 shall be made every thirty days thereafter, and a final installment of the balance owed under the Small Business Administration's Allowed Claim.

3. Replace the Article VIII at page 7:

~~B. Pursuant to Sections 524 and 1141(d)(1) of the Bankruptcy Code and except as otherwise provided in the Plan, Confirmation shall discharge and release the Debtor and its estate from any and all Claims, debts, liens, security interests, encumbrance interests that arose before the Confirmation Date, including, but not limited to, all principal and any interest accrued thereon. The distributions provided for Creditors shall not be subject to a Claim by another Creditor by reason of any assertion of a contractual right of subrogation. In addition, Confirmation and the payments shall be in exchange and in complete satisfaction, discharge and release of (i) all Claims against the Debtor and any of its assets, including any Claim for interest accruing after the Petition Date and prior to the Effective Date and (ii) all Claims or conveyance or similar statutes, to the validity, and enforceability of the underlying Claims, including security interests or liens therefore, of other Creditors (and their predecessors in interest) in any impaired Class under the Plan with respect to said Claims. On and after the Effective Date, except as provided in the Plan, all holders of Claims arising prior to the Effective Date shall be permanently barred and enjoined from asserting against the Debtor or their respective assets any other or further Claims, including Claims based on any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date. In the event any creditor makes a claim that any provision(s) of this Plan have not been satisfied by Debtor, any such creditor shall be first obligated to notify Debtor and Debtor's counsel by return receipt mail, with a specific notice of any~~

2

~~breaches, Debtor shall be entitled to cure any alleged breach within thirty (30) days upon receipt of such notice.~~

with the following terms:

## ARTICLE VIII.
## EFFECT OF CONFIRMATION

A. Except as provided in 11 U.S.C. § 1141(d)(2), after the Plan is confirmed, the Plan shall bind the Debtors and all creditors, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the plan and whether or not such creditor, equity security holder, or general partner has accepted the plan.

B. Except as otherwise provided in the Plan or the order confirming the Plan, the confirmation of a Plan vests all of the property of the estate in the Debtors.

C. Except as provided by 11 U.S.C. § 1141(d)(2) and except as otherwise provided in the Plan or in the order confirming the Plan, after confirmation of the Plan, the property dealt with by the plan is free and clear of all claims and interests of creditors.

D. Except as otherwise provided under 11 U.S.C. § 1141(d)(2), in the Plan, or in the order confirming the Plan, the confirmation of the Plan discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in 11 U.S.C. §§ 502(g), 502(h), or 502(i) of this title, whether or not—

> (i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title;
> (ii) such claim is allowed under section 502 of this title; or
> (iii) the holder of such claim has accepted the plan.

Very truly yours,

PATRICK J. FITZGERALD
United States Attorney

By:
JOEL R. NATHAN
Assistant United States Attorney

cc:
Facsimile 886-5688
Small Business Administration
500 W Madison, Rm 1250
Chicago, Illinois 60661-9987
    Attn: Mary Beth Cvengros

3

## UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

IN RE:

WILLIAM J. BONNET,

Debtor.

CHAPTER 11 BANKRUPTCY

CASE № 04-70746

Honorable Manuel Barbosa

## PLAN OF REORGANIZATION

### ARTICLE I.

### INTRODUCTION

A. This Plan of Reorganization is the Debtor's proposal to pay the debts he owed on the date the petition for relief was filed under Chapter 11 of the Bankruptcy Code.

B. This Plan will produce more for creditors than they would receive if the case were liquidated under Chapter 7 of the Bankruptcy Code (straight bankruptcy).

C. The Plan must receive creditor approval and the Court must find that the Plan meets the requirements of the law. If this Plan is not accepted and approved, then the Court may:

      1. Dismiss the case;

      2. Allow the Debtor to propose another Plan; or

      3. Convert the case to straight bankruptcy (Chapter 7) with the Debtor's assets liquidated and the proceeds distributed according to law.

### ARTICLE II.

### DEFINITIONS

The following terms used in the Plan shall have the meanings specified below, and such meanings shall be equally applicable to both the singular and plural forms of such terms. Terms defined in the Disclosure Statement shall have the same meanings when used herein.

A.    "Administrative Creditor" shall mean any holder of an Allowed Claim entitled to payment of an Administrative Expense.

B.    "Administrative Expense" shall mean any Allowed Claim of the kind described in Sections 364, 507(a)(1) or 507(b) of the Bankruptcy Code, or a cost or expense of administration of the Reorganization Case allowed under Section 503(b), 506 (c) or 546 (c)(2)(A) of the Bankruptcy Code, including, but not limited to, any actual and necessary costs and expenses of preserving the Debtors' estate, any actual and necessary expenses of operating the business of the Debtor, including, without limitation, loans or other advances to the Debtor as Debtor in Possession, all allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under Section 330 of the Bankruptcy Code, and any fees or charges assessed against the Debtor's estate under Section 1930, Chapter 123, Title 28, United States Code.

C.    "Allowed Claim" shall mean any Claim against the Debtor to the extent that (i) such Claim has not been withdrawn, paid in full or otherwise deemed satisfied in full, (ii) (a) proof of such Claim was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim (or, if not filed by such date, and Claim filed with leave of the Bankruptcy Court, after notice and a hearing) or (b) if no proof of claim is filed, which Claim has been or hereafter is listed by the Debtor in the schedule of liabilities (as from time to time amended) filed by the Debtor in accordance with Bankruptcy Rule 1007 liquidated in amount, not disputed and not contingent and (iii) no objection to the allowance of such Claim has been interposed within the applicable period of limitation fixed by the Plan, the Bankruptcy Code, Bankruptcy Rules or the Bankruptcy Court, or such objection having been so interposed, such Claim allowed by a Final Order.  Unless otherwise specified, "Allowed Claim" shall not include (i) interest on the principal amount of such Claim accruing from and after the Petition Date, (ii) punitive or exemplary damages or (iii) any fine, penalty or forfeiture.

D.    "Bankruptcy Code" shall mean the Bankruptcy Reform Act of 1978, as amended, as set forth in Title 11 of the United States Code.

E.    "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Northern District of Illinois, Western Division, or any other court of competent jurisdiction exercising jurisdiction over the Reorganization Case.

F.    "Bankruptcy Rules" shall mean the Rules of Bankruptcy Procedure, as amended and promulgated under Section 2075, Title 28, United States Code.

G.    "Business Day" shall mean a day of the year on which commercial banks are not required or authorized to close for business in Chicago, Illinois.

H.    "Claim" shall mean any right to payment from the Debtor arising, or with respect to which the obligation giving rise to such right has been incurred, before the Effective Date of the Plan, whether or not such right is reduced to judgement, liquidated,

-2-

unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right arising or, with respect to which the obligation giving rise to such right has been incurred, before the Effective Date of the Plan to an equitable remedy for breach of performance if such breach gives rise to a right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured.

I.    "Class" shall mean a class of Claims or Interests as defined in Article V. of the Plan.

J.    "Confirmation" shall mean the entry of the Confirmation Order by the Bankruptcy Court pursuant to Section 1129 of the Bankruptcy Code.

K.    "Confirmation Order" shall mean an order of the Bankruptcy Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

L.    "Creditor" shall mean any entity that is the holder of any Claim against any Debtor that arose (or is based on an obligation incurred) on or before the Petition Date of any Claim against any Debtor's estate of any kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code.

M.    "Debtor" shall mean the debtor in their capacity as debtor and debtor in possession under Chapter 11 of the Bankruptcy Code.

N.    "Debtor in Possession" shall mean the Debtor, when exercising their rights, powers and duties under Section 1107(a) of the Bankruptcy Code in the Reorganization Case.

O.    "Disclosure Statement" shall mean the Debtor's Disclosure Statement, as it may be amended and supplemented from time to time hereafter.

P.    "Effective Date" shall mean the first Business Day on which the conditions set forth in Article XII have been satisfied or waived as provided therein and that is more than ten days, calculated in accordance with Bankruptcy Rule 9006(a), after the date on which the Confirmation Order has been docketed or such earlier date following the docketing of the Confirmation Order as the Debtor shall designate upon notice to the Bankruptcy Court, provided that, if a stay of the Confirmation Order is in effect on such date, then the Effective Date shall be the first Business Day after the date upon which such stay of the Confirmation Order is no longer in effect.

Q.    "Final Order" shall mean an order or judgment of the Bankruptcy Court, as entered on a docket in or related to the Reorganization Case, or an order or judgment of another court of competent jurisdiction that the Bankruptcy Court has specifically

permitted to proceed to enter such order or judgment, as entered on the appropriate docket, as to which (unless the Debtor, in their sole discretion, shall have waived the requirement therefore) any appeal or petition for rehearing or certiorari that has been or may be taken has been finally resolved and as to which the time for further appeal or petition for rehearing or certiorari has expired.

R.     "Person" shall mean an individual, a corporation, a partnership, an association, a joint company, a joint venture, an estate, a trust, an unincorporated organization, a government or any subdivision thereof or other entity.

S.     "Petition Date" shall mean February 17, 2004, the date upon which the petition for relief under Chapter 11 of the Bankruptcy Code was filed.

T.     "Plan" shall mean the Debtor's Plan of Reorganization as set forth herein, as the same may be amended or modified by the Debtor from time to time pursuant to the Plan, the Bankruptcy Code or the Bankruptcy Rules.

U.     "Priority Claim" shall mean any Claim, other than an Administrative Expense, to the extent titled to priority in payment under Section 507(a) of the Bankruptcy Code.

## ARTICLE III.

## EXECUTION

Debtor will fund the Plan from profits derived from the operation of its business.

## ARTICLE IV.

## MEANS FOR EXECUTION OF PLAN

1. Vesting of Assets.  On the Effective Date, all assets and property of the Debtor's bankruptcy estate shall vest in the Debtor free and clear of all liens, claims, encumbrances and interests, except as provided in the Plan.

2. All causes of action recoverable under the Bankruptcy Code, all claims against third parties, and all other causes of action owed to or in favor of the Debtor are hereby preserved, retained for enforcement solely and exclusively by and in the discretion of the Debtor and are revested in the respective Debtor on the Effective Date.

3. After the Effective Date, the Debtor may operate its business and buy, use, acquire and dispose of its assets, free of any restrictions contained in the Bankruptcy Code.

-4-

4. Final Order. Any requirement in the Plan for a Final Order may be waived in the sole and absolute discretion of the Debtor upon written notice to the Bankruptcy Court, provided that nothing contained herein or elsewhere in the Plan, including Article XII, shall prejudice the right of any party in interest to seek a stay pending appeal with respect to such Final Order.

5. Operations of Debtor. On and after the Effective Date, the Debtor shall continue to operate their investment business and shall implement the terms of the Plan.

## ARTICLE V.

## CLASSIFICATION OF CLAIMS

A. All claims shall be fixed and determined as of the date of filing.

B. Claims are classified as follows:

Class 1. Priority. Costs and expenses of administration as defined by §507(a)(1) and §503(b) including fees owed to the U.S. Trustee pursuant to 28 U.S.C. 1930.

Class 2. Secured claim of AgriBank.

Class 3. Secured claim of Colson Service Corp., SBA

Class 4. Unsecured claims.

## ARTICLE VI.

## TREATMENT OF CLAIMS

### Generally

The basic premise of this Plan is that the Debtor will operate its business and use the profits to pay Plan obligations.

### Class 1. Expenses of Administration.

The Debtor will pay 100% of these claims on the Effective Date of the Plan, including the quarterly fees owed the U.S. Trustee. Thereafter the Debtor will pay quarterly fees and file quarterly reports of disbursements until the case is dismissed, converted, or a Final Decree is entered.

**Class 2. Secured claim of AgriBank.**

The Debtor will pay 100% of the allowed amount of this claim which shall be amortized over thirty (30) years at 4.5% per annum, with monthly payments of $4,500. Debtor may prepay debt at any time without penalty and unaccrued interest charges.

**Class 3: Secured claim of Colson Service Corp., SBA.**

The Debtor will pay 100% of the allowed amount of this claim which shall be amortized over thirty (30) years at 4.5% per annum, with monthly payments of $1,539. Debtor may prepay debt at any time without penalty and unaccrued interest charges.

**Class 4. Unsecured Claims.**

The Debtor will pay these claims, if allowed, in full over a period of ten (10) years in equal monthly installments with interest on the unpaid balance at the rate on U.S. government obligations of a term of ten (10) years, as most recently reported in the Wall Street Journal prior to the hearing on confirmation of the Plan, plus one-half percent (½%). The payments will be applied first against interest and the balance against principal. The first payment will be on the first day of the month one month after the Effective Date. The Debtor may prepay the entire balance or any portion thereof at any time at their discretion without penalty.

## ARTICLE VII.

## TREATMENT OF DISPUTED CLAIMS

A. Any party in interest, including the Debtor, may object to the allowance of claims filed with the Bankruptcy Court with respect to which the Debtor's liability in whole or in part, whether or not such Claim was scheduled by the Debtor as disputed, contingent or unliquidated. Objections will be litigated to a Final Order. However, the Debtor may compromise and settle any objections to Claims, subject to the approval of the Bankruptcy Court and may seek Bankruptcy Court estimation of disputed Claims pursuant to Section 502(c) of the Bankruptcy Code.

B. No distribution shall be made with respect to or any portion of any disputed Claim until the entire resolution thereof by a Final Order. At such time that such disputed Claim becomes an Allowed Claim, the holder of such Allowed Claim shall receive the distribution to which such holder is then entitled under the Plan, but in no event prior to the later of (i) the Effective date and (ii) the first Business Day that is more than 11 days, calculated in accordance with the Bankruptcy Rules, after the docketing of the Final Order allowing such Claim. The Bankruptcy Court may in their discretion establish a Claim Adjustment Reserve with respect to disputed and unasserted Claims which arise after the entry of the Confirmation Order, which shall be the sole remedy available to such Creditors. Such Creditors shall have no claim against the assets or property which vest in the Debtor pursuant to this Plan of Reorganization.

-6-

## ARTICLE VIII. DISCHARGE OF DEBTOR

A. The provisions of the Plan shall bind all Creditors, whether or not they vote to accept the Plan.

B. Pursuant to Sections 524 and 1141(d)(1) of the Bankruptcy Code and except as otherwise provided in the Plan, Confirmation shall discharge and release the Debtor and its estate from any and all Claims, debts, liens, security interests, encumbrance interests that arose before the Confirmation Date, including, but not limited to, all principal and any interest accrued thereon. The distributions provided for Creditors shall not be subject to a Claim by another Creditor by reason of any assertion of a contractual right of subrogation. In addition, Confirmation and the payments shall be in exchange and in complete satisfaction, discharge and release of (i) all Claims against the Debtor and any of its assets, including any Claim for interest accruing after the Petition Date and prior to the Effective Date and (ii) all Claims or conveyance or similar statutes, to the validity, and enforceability of the underlying Claims, including security interests or liens therefore, of other Creditors (and their predecessors in interest) in any impaired Class under the Plan with respect to said Claims. On and after the Effective Date, except as provided in the Plan, all holders of Claims arising prior to the Effective Date shall be permanently barred and enjoined from asserting against the Debtor or their respective assets any other or further Claims, including Claims based on any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date. In the event any creditor makes a claim that any provision(s) of this Plan have not been satisfied by Debtor, any such creditor shall be first obligated to notify Debtor and Debtor's counsel by return receipt mail, with a specific notice of any breaches. Debtor shall be entitled to cure any alleged breach within thirty (30) days upon receipt of such notice.

## IX. NOTICES

Any notice shall be given as follows:

To the attorney for the Debtor:

George P. Hampilos
Schirger, Monteleone & Hampilos, PC
308 West State Street, Suite M-4
Rockford, Illinois 61101

With a copy to:

William J. Bonnet
2745 N. Sunnyside Road
Kent, IL 61044

-7-

## ARTICLE X. RETENTION OF JURISDICTION

Claims and Actions. The Bankruptcy Court shall retain jurisdiction over the reorganization case, including with limitation, such jurisdiction as is necessary to ensure that the purposes and intent of this Plan are carried out. The Bankruptcy Court shall also expressly retain jurisdiction: (i) to hear and determine all Claims against the Debtor and (ii) to enforce all causes of action which may exist on behalf of the Debtor.

### XI. Retention of Additional Jurisdiction.

The Bankruptcy Court shall also retain jurisdiction for the purpose of classification of the Claims or Interests of any Creditor, the re-examination of Claims and Interests which have been allowed and the determination of such objections as may be filed to the Claims and Interests, including Section 502(c) proceedings for estimation of Claims. The Bankruptcy Court shall further retain jurisdiction for the following additional purposes:

A. To determine all questions and disputes regarding title to the respective assets of the Debtor, all causes of action, controversies, disputes or conflicts, whether or not subject to any pending action as of the Effective Date, between the Debtor and any other party, including, without limitation, any right to recover assets pursuant to the provisions of the Bankruptcy Code;

B. To modify the Plan after the Effective Date pursuant to the Bankruptcy Code and the Bankruptcy Rules;

C. To enforce and interpret the terms and conditions of the Plan;

D. To enter such orders, including, but not limited to, such future injunctions as are necessary To enforce the respective title, rights and powers of the Debtor, and To impose such limitations, restrictions, terms and conditions on such title, rights and powers as the Bankruptcy Court may deem necessary;

E. To enter an order closing the case;

F. To correct any defect, cure any omission or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to implement the purposes and intent of the Plan;

G. To determine any and all objections to the allowance of Claims or Interests;

H. To determine any and all applications for allowances of compensation and reimbursement of expenses and the reasonableness of any fees and expenses authorized to be

paid or reimbursed under the Bankruptcy Code or the Plan;

I. To determine any applications or motions pending on the Effective Date for the rejection, assumption or assumption and assignment of any executory contract or unexpired lease and to hear and determine, and if need be, to liquidate any and all Claims arising therefrom;

J. To determine any and all applications, adversary proceedings and contested matters that may be pending on the Effective Date;

K. To consider any modification of the Plan, whether or not the Plan has been substantially consummated, to remedy any defect or omission or reconcile any inconsistency in any order of the Bankruptcy Court, to the extent authorized by the Plan or the Bankruptcy Court;

L. To determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of the Plan;

M. To consider and act on the compromise and settlement of any claim against or cause of action by or against the Debtor arising under or in connection with the Plan;

N. To issue such orders in aid of execution of the Plan as may be authorized by Section 1142 of the Bankruptcy Code; and

O. To determine such other matters or proceedings as may be provided for under Title 28 or other title of the United States Code, the Bankruptcy Code, the Bankruptcy Rules, other applicable law, the Plan or in any order or orders of the Bankruptcy Court, including, but not limited to, the Confirmation Order or any order which may arise in connection with the Plan or the Confirmation Order.

P. Modifications of the Plan. In addition to the provisions of Article VIII hereof, the Plan may be modified at any time or from time to time by the Debtor before or after the Effective Date whether or not the Plan has been substantially consummated upon such notice and a hearing as shall be required by the Bankruptcy Code and applicable law.

Q. Revocation and Withdrawal of the Plan. The Debtor reserve the right to revoke or withdraw this Plan at any time before the Confirmation Date. If the debtor revoke or withdraw this Plan prior to date of Confirmation, or if the Confirmation or the Effective Date does not occur, then this Plan shall be deemed null and void. In such event, nothing contained herein or in the Disclosure Statement shall be deemed to constitute an admission of validity, waiver or release of any Claims by or against the Debtor or any Person or to prejudice in any manner the rights of the Debtor or any Person in any proceeding involving Debtor.

## XII. CONDITIONS TO THE EFFECTIVENESS OF THE PLAN

The following conditions must occur and be satisfied for the Plan to be effective:

A. Entry of Confirmation Order. The Confirmation Order shall have been signed by the judge of the Bankruptcy Court and duly entered on the docket for this case by the Clerk of the Bankruptcy Court;

B. No Stay. There shall not be any stay in effect with respect to the Confirmation Order;

C. Final Order. The Confirmation Order shall be a Final Order in each case.

D. Waiver of Condition. The conditions set forth above may be waived by the Debtor in its sole discretion upon written notice filed with the Bankruptcy Court.

DATED: August 31st, 2004

SCHIRGER, MONTELEONE & HAMPILOS, PC
Attorneys for Debtor in Possession

By: _____
George P. Hampilos

George P. Hampilos
SCHIRGER, MONTELEONE & HAMPILOS, PC
308 West State Street, Suite M-4
Rockford, Illinois 61101
Telephone: 815/962-0044

-10-